UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

DARVEONTRAE MALIK COLLINS,

                Defendants.

Case No. 3:19-mj-5240 DWC

ORDER

THE COURT conducted a hearing under the Bail Reform Act, 18 U.S.C. § 3142(e),(g) on the government's Motion for Detention (Dkt. 6) on December 17, 2019 and determined that detention is appropriate because no condition or combination of conditions will reasonably assure the safety of any other person and the community or reasonably assure the defendant's appearance in court as required.

The defendant is charged in the United States District Court for the Western District of Washington with six felony counts, three of which are felony drug offenses with a maximum sentence of ten years or more and three of which are related firearms charges. Counts 1, 3, and 5 of the Complaint charge Mr. Collins with possession with intent to distribute a controlled substance—i.e., marijuana, alprazolam, cocaine, and fentanyl—under 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(D). Counts 2, 4, and 6 charge him with possession of a firearm in furtherance of each of the three drug trafficking crimes charged in Counts 1, 3, and 5, under 18 U.S.C §§ 924(c)(1)(A).

ORDER - 1

1   The defendant is entitled to a presumption of innocence, and under the Bail Reform Act, the Court is required to determine—taking into full consideration the defendant's constitutional rights and that the defendant is presumed innocent—whether the defendant should nevertheless be detained pending trial. *United States v. Motamedi,* 767 F.2d 1403, 1408 (9th Cir. 1985).

A presumption of detention applies in Mr. Collins's situation, because the Court is required by 18 U.S.C. § 3142(e)(3)(A),(B) to apply the presumption as to both dangerousness and flight risk when a defendant is charged with a felony drug offense with a maximum sentence of ten years or more, or with possession of a firearm in furtherance of a drug trafficking crime. Dkt. 1. The defendant bears the burden of proffering evidence to overcome the presumption. The government maintains the burden of persuading the Court by a preponderance of the evidence that Mr. Collins is a non-appearance risk, or by clear and convincing evidence that Mr. Collins is a danger to the community. *United States v. Hir,* 517 F.3d 1081, 1086 (9th Cir. 2008). When the defendant offers evidence to rebut the presumption, that does not mean the presumption is erased; the Court may consider the presumption as an evidentiary finding that militates against the defendant's release and weighs the presumption along with all the factors listed in 18 U.S.C. § 3142(g). *Id.*

Although the four factors listed in 18 U.S.C. § 3142(g) permit this Court to consider the nature of the offense currently charged, and the evidence of guilt, these factors are considered only in the context of evaluating the likelihood that the person will fail to appear or will pose a danger. *United States v. Motamedi,* at 1408. Even if a defendant poses a danger to others or to the community, the defendant must be

released when the Court determines there would be a "condition or combination of conditions [that] will reasonably assure. . .the safety of any other person and the community." *United States v. Hir,* 517 F.3d 1081, 1091-92 (9th Cir. 2008).

The defendant proffered evidence in this case, but has not overcome the presumption of detention. The government met its burden of showing by a preponderance of the evidence an extreme risk of flight or failure to appear. The government has also met its burden of showing by clear and convincing evidence that Mr. Collins presents a serious risk of dangerousness to others and to the community.

Regarding risk of flight, Mr. Collins has an extensive history of failure to appear in court in the past two years. The Supplemental Pretrial Services Report (filed under seal) shows that since 2018, Mr. Collins has had 16 arrest warrants issued for failing to appear in Lakewood Municipal Court and Pierce County Superior Court, nine of which were ordered in the pending state proceedings related to the instant charges. Dkt. 11, at 3-4. Furthermore, the Report and the government's Complaint indicates an additional pattern of fleeing from law enforcement, as Mr. Collins currently faces charges in Pierce County Superior Court for attempting to elude a police vehicle, and in the arrest forming the basis for Counts 1 and 2, Mr. Collins attempted to flee from law enforcement on foot. Dkt. 11, at 4; Dkt. 1, at 5. This evidence shows that Mr. Collins has a pattern of disregarding the authority of this Court and of the state courts, and it establishes that Mr. Collins would likely be an extreme flight risk and a serious risk of failure to appear if released on supervision.

Regarding the potential risk of dangerousness, the nature and seriousness of the current offenses indicate that Mr. Collins is a danger to the community. Mr. Collins faces

ORDER - 3

multiple charges, not only in this court, but in state court, for controlled substance and firearms violations. The current offenses involve substantial quantities of dangerous drugs, including fentanyl and other opiates. Dkt. 1, at 9-10. During the prosecution of this charges, Mr. Collins has been apprehended multiple times driving in the community with stolen firearms and controlled substances, including on one occasion where he was driving with his infant child to his own court hearing. Dkt 1; Dkt. 11, at 4.

The Court considered the defendant's proffer of evidence that he has strong family support from his mother and girlfriend. If he is released, his mother is willing to allow him to return to her home in the period before his trial. Mr. Collins argues that he is strongly motivated to care for his and his girlfriend's small child.

The Court is not persuaded that family support, combined with any of the pre-trial restrictions that defendant proposes, would be enough to ensure Mr. Collins's compliance with the terms of release into the community. For the last two years, Mr. Collins has demonstrated that he cannot be trusted to appear before the court when called. During this time, he has allegedly participated in the distribution of dangerous, illegal drugs, such as fentanyl and cocaine and has repeatedly been apprehended with stolen weapons. Even with the support of his friends and family, the evidence shows that Mr. Collins is unlikely to alter his pattern of failing to appear before the court and repeated alleged involvement in dangerous criminal activities. The Court finds that no condition or combination of conditions of release would reasonably assure that Mr. Collins would appear in court as required or that defendant would not endanger any other person or the community.

The Government's motion for detention (Dkt. 6) is, for all of the above reasons, GRANTED.

Dated this 19th day of December, 2019.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER - 5